FILED 8 OCT '21 10:26 USDC-ORP

Johnathon Lee Lathrop-Vance
SID#21935365
Oregon State Correctional Institution
3405 Deer Park Drive SE,
Salem, Oregon 97310


Pro Se Plaintiff


# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JONATHON LEE LATHROP-VANCE, <br><br> Plaintiff, <br><br> v. <br><br> ASHLEY CROFT, RN; GARTH GULICK, M.D.; RONDA WAGNER, R.N.; BRAD CAIN, BRYON DALE HEMPHILL, M.D.; _____ WILLIAMS; REBECCA ESPLIN; CYNTHIA WAGGONER; _____ SMITH; OREGON DEPARTMENT OF CORRECTIONS; and SNAKE RIVER CORRECTIONAL INSTITUTION <br><br> Defendants. | Case No.: **2:20-CV-01926-YY** <br><br> PLAINTIFF'S SECOND AMENDED COMPLAINT <br> (42 U.S.C. §1983; EIGHTH AMENDMENT) <br><br> ($1,500,000.00) <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, on behalf of himself alleges as follows:

### I. Jurisdiction & Venue

1. This is a Civil Action authorized by 42 U.S.C. § 1983 to redress the deprivation under the color of state law, of rights secured by the Constitution of the United States. This court has jurisdiction under 28 U.S.C. §1331 and 1343(a)(s). Plaintiff seeks compensatory and punitive

damages; alleging unlawful due process of his rights along with physical, emotional, and mental injuries sustained by Eighth Amendment violations.

2.    The Portland District of Oregon is an appropriate venue under 28 U.S.C. §1391(6)(2).

## II. Parties

3.    Plaintiff JONATHON LEE LATHROP-VANCE is and was at all times mentioned herein, a prisoner of the state of Oregon in the custody of the Oregon Department of Corrections (ODOC). He is currently confined in Oregon State Correctional Institution (OSCI), located in Portland, Oregon.

4.    Defendant ODOC at all relevant times was the Department which has the custody of adults sentenced to prison for more 12 months of which Snake River Correctional Institution is a prison part of ODOC's department.

5.    Defendant SNAKE RIVER CORRECTIONAL INSTITUTION ("SRCI") is a medium security prison in the ODOC system and is located in northeastern Malheur County, Oregon.

6.    Defendant BRAD CAIN ("Cain") was the superintendent of SRCI until approximately July 2021. Cain is responsible for the crafting and implementation of the policy of refusing to treat Adults-in-Custody (AICs) pain and sleep. A SPECIALIST & TRAINED STAFF WHO FOR CELL EXTRACTIONS OR AICA "USE OF FORCE"

7.    Defendant, DR. GARTH GULICK ("Gulick") at all relevant times was a primary care provider of Plaintiff at SRCI and is licensed as a medical doctor in the state of Oregon. Gulick was responsible for treating Plaintiff's complaints of stomach pain, pain, loss of sleep, knee pain, and head trauma. ODOC DOCTOR & STATE'S CDC DIRECTOR RESPONSIBLE FOR MEDICAL NEEDS & SPREAD OF DISEASES

8.    Defendant DR. BRYON DALE HEMPHILL, M.D ("Hemphill") at all relevant times was a primary care provider of Plaintiff at SRCI and is licensed as a medical doctor in the state of

*HEMPHILL*

Oregon. Gulick was responsible for treating Plaintiff's complaints of stomach pain, pain, loss of sleep, knee pain, and head trauma.

9. Defendant ASHLEY CROFT, RN, ("Croft") at all relevant times was a nurse at SRCI and was one of Plaintiff's providers. Croft is licensed as a registered nurse and as a Psychiatric / Mental Health nurse practitioner in the state of Oregon. Croft was responsible for treating Plaintiff's complaints of stomach pain, pain, loss of sleep, knee pain, and head trauma. *A BHS MENTAL HEALTH PROVIDER (RN?)*

10. Defendant, RONDA WAGNER, R.N ("Wagner") at all relevant times was a nurse at SRCI and was one of Plaintiff's providers. Wagner is licensed as a registered nurse in the state of Oregon. Wagner was responsible for treating Plaintiff's complaints of stomach pain, pain, loss of sleep, *CHEST PAIN* knee pain, and head trauma. *A NURSE SEEN SEVERAL TIMES @ SICK CALLS*

11. Defendant, KIAL KAY BROTHERSON, RN ("Brotherson") at all relevant times was a nurse at SRCI and was one of Plaintiff's providers. Brotherson is licensed as a registered nurse in the state of Oregon. Brotherson was responsible for treating Plaintiff's complaints of stomach pain, pain, loss of sleep, knee pain, and head trauma. *IS THE HS MNGR @ SRCI IN CHARGE of PROVIDERS HS @ SRCI*

12. Defendant, CYNTHIA WAGGONER ("Waggoner") at all relevant times was an employee of ODOC, a counselor in SRCI's BHS Department and was one of Plaintiff's providers at SRCI. Waggoner was responsible for treating Plaintiff's mental health including but not limited to Plaintiff's ADHD and his symptoms of depression and anxiety. *BHS COUNSELOR*

13. Defendant, REBECCA ESPLIN ("Esplin") at all relevant times was an employee of ODOC, a counselor in SRCI's BHS Department and was one of Plaintiff's providers at SRCI. Esplin was responsible for treating Plaintiff's mental health including but not limited to Plaintiff's ADHD and his symptoms of depression and anxiety. *BHS COUNSELOR*

14. Defendant, _____ WILLIAMS, RN ("Williams") at all relevant times was a
nurse at SRCI and was one of Plaintiff's providers. Williams is licensed as a registered nurse in
the state of Oregon. Williams was responsible for treating Plaintiff's complaints of stomach pain,
pain, loss of sleep, knee pain, and head trauma.

*→MS. SMITH IS A BHS MNGR IN CHARGE OF BHS PROVIDERS @ SRCI*

15. Defendant, _____ SMITH, LPC ("Smith") at all relevant times was a counselor in
SRCI's Behavioral Health Services ("BHS") and was one of Plaintiff's providers. Smith is licensed
as a Professional Counselor in the state of Oregon. Smith was responsible for treating Plaintiff's
mental health including but not limited to Attention-Deficit/Hyperactivity Disorder ("ADHD").

16. These defendants are directly and personally responsible and liable for violations of
Plaintiff's civil rights as delineated below in the "Statements of Facts" section. At all times herein,
Defendants were acting under the color of state law when committing the illegal acts; Defendants
acted in bad faith and violated clearly established laws, which reasonable prison officials knew or
should have known. Both ODOC and SRCI are sued in their official capacities. All other
Defendants are sued in their individual capacities. ~~ODOC + SRCI~~

*ODOC'S + SRCI'S HS DEPT ARE SUED IN THEIR OFFICIAL + INDIVIDUAL CAPACITIES
ALL OTHER DEFENDANTS ARE SUED IN THEIR INDIVIDUAL CAPACITIES.*

### III. Facts

17. At all relevant and material times, Plaintiff was housed at SRCI and was treated at SRCI's
BHS and Medical Center.

*IN OR AROUND (SINCE) MAY*

18. ~~In or around November~~ 2016, Plaintiff was involved in a *SERIES OF* car accidents that caused
permanent injury to his neck. Specifically, his cervical spine. Before Plaintiff's incarceration,
Plaintiff was informed that he would need surgery on his cervical spinal.

PLAINTIFF'S SECOND AMENDED COMPLAINT
Page 4

19. On or about ~~June~~ 7/2017 Plaintiff complained to Gulick about his pain to his cervical *Hemphill +*

spine and requested pain medication. Prior to incarceration, Plaintiff was taking Tramadol *+ Croft*

medication for his pain caused by his permanent injury to his cervical spine. *+ Flexeril for muscle spasms & sleep*

20. Plaintiff requested Tramadol pain medication to relieve the symptoms Plaintiff was *sleep*

experiencing due to his injury. Specifically, Plaintiff experienced neck pain, headaches, back pain,

trouble sleeping due to his neck pain, emotional distress, and mental distress.

21. Plaintiff was denied pain medication and was told by Gulick, Croft, Wagner, ~~Brotherson~~, *& Hemphill*

and Williamson that SRCI did not treat AICs for pain. *or sleep*

22. After several requests and attempts to receive pain medication for his pain, Plaintiff was
*4 tabs / 800mgs (2 pills)*
given three (3) tabs of coated over the counter ibuprofen to take twice a day. Plaintiff took three

(3) tabs in the morning before breakfast and 3 tabs at night before bedtime.
*severe pain from bleeding ulcers*
23. Prior to being incarcerated, Plaintiff sustained stomach ~~ulcers and bleeding~~ within the

stomach lining caused by the over-the-counter coated ibuprofen. Plaintiff notified Gulick, Croft,

Wagner, Brotherson, and Williamson of his prior medical issues, but took the coated over the

counter ibuprofen due to his pain level.

24. On or about April 2019 Plaintiff began to experience stomach pain, nausea, vomiting,

which Plaintiff sought treatment for and from Gulick, Croft, Wagner, Brotherson, and Williamson

at SRCI. Plaintiff again notified Gulick, Croft, Wagner, Brotherson, and Williamson of his prior

medical issues related to taking coated over the counter ibuprofen pills.

25. On or about 8/2020 Plaintiff diagnosed with bacterial infection which was connected

to consumption of coated over the counter ibuprofen pills. *& other drugs prescribed by Gulick + Croft*

26. After Plaintiff was diagnosed with bacterial infection, Plaintiff was not treated for the

infection until 8/2020 . Due to the bacterial infection, Plaintiff sustained and experienced

headaches, stomach pain, trouble sleeping, nausea, vomiting, loss of appetite, loss of ~~work,~~ *ABILITY TO EXERCISE + WORK* depression, and anxiety.

27. After several months of experiencing stomach issues, neck pain, headaches, trouble sleeping, loss of sleep, anxiety, back pain, nausea, loss of appetite, vomiting, mental distress, and emotional distress, Gulick, Croft, Wagner, Brotherson, and Williamson gave and prescribed Plaintiff with Amitriptyline, a medication primarily used as an anti-depressant to be consumed as pain medication.

28. Amitriptyline did little to nothing to resolve Plaintiff's daily and continuous neck pain, headaches, trouble sleeping, loss of sleep, anxiety, and back pain.

29. Prior to incarceration, Plaintiff was taking Flexerol medication to assist Plaintiff with his *MUSCLE SPASMS* + difficulty sleeping. On or about August *2017* ~~2019~~, Plaintiff requested sleep medication, either Flexerol or lorazepam due to Plaintiff's difficulty and trouble sleeping, because Plaintiff was experiencing depression, anxiety, loss of appetite, loss of work, mental distress, and emotional distress.

30. On or about *August 2017* ~~August 2019~~  Gulick, Croft, Wagner, Brotherson, *+ HEMPHILL* and ~~Williamson~~ denied Plaintiff sleeping medication. Plaintiff continued to experience depression, anxiety, loss of appetite, loss of ~~work~~ *EXERCISE W/ DIFFICULTY DOING WORK TASKS*, mental distress, and emotional distress, which caused Plaintiff to attempt to take his own life. *1/30/2019 @ SRCI*

31. On or about January 30, ~~2020~~ *2019*, Plaintiff sustained head trauma caused by excessive force from SRCI officers ~~breaking up an assault~~ *DOING CELL-EXTRACTION WHO ~~ARE~~ BRAD C.A.N SPECIALIZED IN THEIR TRAINING* that occurred on ~~Unit~~ *DSU #A-38* at SRCI. Plaintiff *V WHICH /\* was hit in the head multiple times which caused Plaintiff to sustain a concussion without loss of consciousness, bloody eye, loss of hearing, loss of balance, dizziness, headaches, and neck pain.

## A. **Exhaustion of Administrative Remedies**

40. Plaintiff used the prisoner grievance procedures available at SRCI to attempt to solve the problems related to Plaintiff's request for pain medication. Plaintiff exhausted the Grievance procedure in full. *To THE BEST OF HIS ABILITIES & DENIED THE HELP FROM MR TAYLOR SINCE 10/2019 REQUESTS*

41. Plaintiff used the prisoner grievance procedures available at SRCI to attempt to solve the *@CHOWS MNTS* problems related to Plaintiff's request for ~~sleep~~ *ADHD/ADD* medication. Plaintiff exhausted the Grievance procedure in full. *By VERBAL REQUESTS FOR HELP TO AVOID FURTHER ABUSE OF GRIEVANCE W/ SYSTEM, TAYLOR*

42. Plaintiff used the prisoner grievance procedures available at SRCI to attempt to solve the problems related to Plaintiff's request for treatment of his stomach pain. Plaintiff exhausted the Grievance procedure in full. *# SRCI. 2020. 04. 004*

43. Plaintiff used the prisoner grievance procedures available at SRCI to attempt to solve the *EAR DAMAGE FROM* problems related to Plaintiff's request for treatment of his head trauma. Plaintiff exhausted the Grievance procedure in full. *# SRCI. 2020. 04. 005 DENIED SUSTAINED IN 1/30/19 CELL-EXTRACTION USE OF FORCE*

44. Plaintiff used the prisoner grievance procedures available at SRCI to attempt to solve the problems related to Plaintiff's request for treatment of his ~~knee pain~~ *ADHD/ADD MENTAL HEALTH NEEDS*. Plaintiff exhausted the Grievance procedure in full.

## **IV. Legal Claims**

### **Claim I**

### **(42 U.S.C. §1983 – Deliberate Indifference of Medical Treatment)**

45. Plaintiff realleges and incorporates by reference Paragraphs 1-43

46. Plaintiff properly notified Gulick, Croft, Wagner, ~~Brotherson~~ *Memphill*, and Williamson about his spinal injury and the serious pain that Plaintiff was on a daily basis.

PLAINTIFF'S SECOND AMENDED COMPLAINT
Page 8

32. Shortly after Plaintiff was assaulted, he was placed in ~~DSU~~ [DSU'S SUICIDE WATCH] and denied treatment of his injuries. Before Plaintiff was placed in DSU [IN-TAKE SECURITY CELL] he requested treatment.

33. While in ~~DSU~~ [DSU IN-TAKE SECURITY CELL] Plaintiff reported to Lieutenant Paynter that he was dizzy and was experiencing [SEVERE PAIN +] headaches and nausea. Plaintiff requested treatment again with Lieutenant Paynter before Plaintiff was taken to suicide watch.

34. It was not until February 19, ~~2020~~ [2019], Plaintiff saw Gulick due to his bloody eye ["R. EAR"]. During this visit, Gulick did not treat Plaintiff's injuries.

35. On or about ~~(illegible)~~ [2/2/2020] Plaintiff sustained an injury to his knee. Specifically, Plaintiff dislocated knee when ~~2020~~ [A fall injury on STAIRS] occurred.

36. On or about _____ Plaintiff ~~re-dislocated~~ [RE INJURED] his knee when Plaintiff fell down the stairs ~~on unit~~ [IN UNIT DSU #A] due to loss of balance caused by head trauma that Plaintiff received in ~~a assault~~ [CELL EXTRACT W/] by SRCI officials. Plaintiff was prescribed [BOTH DRUGS PRESCRIBED BY PROVIDERS] [MELOXICAM +] over-the-counter coated ibuprofen for the pain, which ~~exuberated~~ [EXACERBATED] his stomach pain, nausea, vomiting, and bacterial infection. [PROBLEMS W/] Additionally, Plaintiff continued to sustain mental distress and emotional distress as well.

37. In 2009 Plaintiff was diagnosed with Attention-Deficit/Hyperactivity Disorder (ADHD) and prescribed Atomoxetine, Strattera, to treat is ADHD his symptoms. [THAT CROFT DENIED / REFUSED TO TREAT]

38. In and around [8/2018] _____, Plaintiff asked to be prescribed Strattera for his ADHD. [AFTER WAS MISDIAGNOSED FOR PSCHITZO-EFFECTIVE DISORDER AFTER A YEAR OF NO] Instead, Plaintiff ~~diagnosed with~~ Bi-Polar Disorder and prescribed with Lithium, Olanzapine, and [TRAITS] Celexa by ~~Smith,~~ Waggoner, and ~~Esplin~~. [CROFT ADVISED TO KEEP TAKING DRUGS FOR THIS DISORDER INSTEAD AFTER BEING MISDIAGNOSED OF A YEAR W/ NO TRAITS]

39. While on Lithium, Olanzapine, and Celexa experienced numbness, excessive drooling, and excessive shaking, which caused Plaintiff to have the inability work, eat, exercise, and complete daily life tasks.

47. Plaintiff at all relevant times was an AIC housed at SRCI and was treated by SRCI ~~doctors~~ *PROVIDERS ✗ OTHER ODOC's H.S. STAFF* for his medical needs.

48. Plaintiff faced a serious medical need due to the pain he was experiencing due to his spine injury, bloody eye, concussion, sleep deprivation, depression, anxiety, headaches, neck pain, weight gain, trouble sleeping, trouble walking, and hip pain

49. Defendants knew of this need and theirs acts and omissions of withholding pain medications and sleep medications, and prescribing anti-depressants as pain medications caused Plaintiff harm.

50. Specifically, Plaintiff sustained damages as described in paragraphs 27 to 40.

51. All of these claims mentioned caused Plaintiff mental, emotional, and physical injuries.

52.        Plaintiff is also entitled to attorney fees, costs, and disbursements pursuant to 42 U.S.C. §1988.

### Claim II

### (42 U.S.C. §1983 – Deliberate Indifference of Conditions of Confinement)

53. Plaintiff realleges and incorporates by reference Paragraphs 1 – 53.

54. Plaintiff properly notified Defendants about injuries he sustained and the serious pain that Plaintiff was in on a daily basis.

55. Plaintiff at all relevant times was an AIC housed at SRCI and was treated by SRCI doctors for his medical needs.

56. Plaintiff faced a serious medical need due to the pain he was experiencing due to his spine injury, bloody eye, concussion, sleep deprivation, depression, anxiety, headaches, neck pain, weight gain, trouble sleeping, trouble walking, and hip pain

57. Defendants knew of this need and theirs acts and omissions of withholding pain medications and sleep medications, withholding basic medical treatment and prescribing anti-depressants as pain medications caused Plaintiff harm.

58. Specifically, Plaintiff sustained damages as described in paragraphs 27 to 40.

59. All of these claims mentioned caused Plaintiff mental, emotional, and physical injuries.

60.     Plaintiff is also entitled to attorney fees, costs, and disbursements pursuant to 42 U.S.C. §1988.

### V.Prayer for Relief

61.     WHEREFORE,  Plaintiff respectfully prays that this Court enter judgment granting Plaintiff the following:

    a.   A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution of the United States.

    b.   A preliminary and permanent injunction ordering Defendants to take training courses on protecting ward of the state.

    c.   Compensatory damages and punitive damages to Plaintiff for $125,000 ~~$125,000~~ [$500,000] against ~~EACH~~ EACH Defendant ~~ODOC~~ [ODOC].

    d.   Compensatory damages and punitive damages to Plaintiff for ~~$125,000~~ [$300,000] against EACH Defendant SRCI.

    e.   Compensatory damages to Plaintiff for ~~$125,000~~ [$500,000.00] against Defendant Brad Cain.

    f.   Compensatory damages to Plaintiff for ~~$125,000~~ [$1,500,000.00] against Defendant Dr. Garth Gulick.

    g.   Compensatory damages to Plaintiff for ~~$125,000~~ [$500,000.00] against Defendant Ashley Croft.

COMPENSATORY DAMAGES TO plAINTIFF FOR $500,000.00 AGAINST DEFENDANT BYRON HEMPHILL

*[handwritten: $250,000]*

h.  Compensatory damages to Plaintiff for $125,000 against Defendant Ronda

Wagner

*[handwritten: $500,000.00]*

i.  Compensatory damages to Plaintiff for $125,000 against Defendant Kial Kay

Brotherson.

j.  Compensatory damages to Plaintiff for $125,000 against Defendant Cynthia

Waggoner.

k.  Compensatory damages to Plaintiff for $125,000 against Defendant Rebecca

Esplin.

*[handwritten: $500,000.00]*

l.  Compensatory damages to Plaintiff for $125,000 against Defendant *[handwritten: Bus mngr]*

Smith.

m.  Compensatory damages to Plaintiff for $125,000 against Defendant

_____ *[handwritten: RN]* Williams.

*[handwritten: $500,000.00]*

n.  Compensatory damages to Plaintiff for $125,000 against Defendant Bryon Dale

Hemphill.

o.  Plaintiff's costs and attorney fees in this suit, and

p.  Any additional relief this court deems just, proper, and equitable. *[handwritten: or → (+/- $1,000,000.00)]*

Plaintiff requests a trial by jury on all matters so triable.


DATED: September 22, 2021                    PRO SE PLAINTIFF

                                             _____

                                             JONATHON LEE LATHROP-VANCE
                                             SID NO. 21935365
                                             Oregon State Correctional Institution
                                             3405 Deer Park Drive SE,
                                             Salem, Oregon 97310